# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILLIAM WESLEY DUTTON, ) | |
| ) | Civil Action No. 16-517 CG/GJF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL CORDERO, ERIC BENN, ) | |
| and JANE DOE NO. 1, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS CORDERO
## AND BENN'S MOTION FOR EXTENSION OF TIME

Plaintiff William Wesley Dutton, by counsel, respectfully submits this opposition to Defendant Michael Cordero and Eric Benn's motion for an indefinite extension of time to answer or respond to the complaint. As grounds therefor, Plaintiff alleges as follows:

1. Plaintiff initiated this civil rights action on June 2, 2016. Plaintiff alleges that Defendants Cordero, Benn, and Jane Doe No. 1 violated his Fourth Amendment rights by detaining him in a car and interrogating him for approximately 8 hours. Defendant Cordero is a Special Agent of the Federal Bureau of Investigation. Defendant Benn is a Special Agent of the U.S. Department of Justice, Office of Inspector General. Defendant Jane Doe No. 1 is believed to be a Special Agent of the Federal Bureau of Investigation.

2. Plaintiff sought to serve Defendants Cordero and Benn immediately after the filing of the complaint. On or about June 7, 2016, Plaintiff's process server left a copy of the summons, complaint, and other submissions with legal counsel in Defendant Cordero's office. On or about June 9, 2016, Plaintiff's process server was advised by Defendant Benn's office that Defendant Benn was on vacation. On June 10, 2016 and June 13, 2016, Plaintiff served the U.S.

Attorney's Office and the U.S. Attorney General, respectively.  Plaintiff served Defendant Benn at home on June 22, 2016.  He served Defendant Cordero at home on July 7, 2016.  In short, Plaintiff has been diligent in effecting service of process, and Defendants Cordero and Benn and the U.S. Attorney's Office have known about Plaintiff's complaint for more than two months.  Defendants Cordero and Benn have had ample time to obtain counsel.

       3.      Plaintiff is presently unable to serve Defendant Jane Doe No. 1 because he does not know Defendant Jane Doe No. 1's true identity.  He only knows Defendant Jane Doe No. 1 by the partial name – "Armida" or "Armita" – Defendants Cordero and Benn called her when the three agents detained and interrogated Plaintiff in their car.  Plaintiff intends to use the discovery process to learn Defendant Jane Doe No. 1's full, true identity.[1]  He then intends to amend his complaint to reflect that true identity, then serve Defendant Jane Doe No. 1.  He seeks to accomplish these tasks as early in the litigation process as is practicable, but also before the three-year statute of limitations runs in early February 2017.  Doing so will ensure that all relevant parties are before the Court and will allow this litigation to proceed in the most efficient, economical manner possible.  In this regard, the "conditions" requested by Plaintiff for agreeing to an extension of time was simply that Defendants Cordero and Benn identify Defendant Jane Doe No. 1 by name, title, and office address so that Plaintiff can amend his complaint and serve Defendant Jane Doe No. 1 as soon as possible.  Plaintiff contemplated that, once this was accomplished and all relevant parties were before the Court, the parties could agree on a reasonable period of time for all the defendants to respond to the complaint.  Not only would doing so satisfy all parties, but it would be more orderly and efficient for the Court.

---

[1]    At present, the parties' Rule 26(f) meet and confer obligations commence in late August 2016.  Once the parties satisfy their meet and confer obligations, discovery can commence.  Defendants Cordero and Benn's motion fails completely to address these obligations.

4. Defendants Cordero and Benn's assertion that no prejudice will result from an extension is plainly incorrect. This lawsuit will become needlessly complex if Plaintiff is not allowed the opportunity to identify, name, and serve Defendant Jane Doe No. 1 as early as possible. Plaintiff's claims against Defendants Cordero and Benn will likely proceed on a different schedule from Plaintiff's claims against Defendant Jane Doe No. 1, and, if Plaintiff cannot identify, name, and serve Defendant Jane Doe No. 1 before early February 2017, the parties may have to litigate the applicability of the "relation back" provisions of Fed. R. Civ. P. 15(c). It would be far simpler and more efficient for the parties and the Court if Plaintiff were allowed to discover Defendant Jane Doe No. 1's full, true identity from Defendants Cordero and Benn, amend his complaint, and effect service quickly.

5. The extension Defendants Cordero and Benn seek is unwarranted. Their motion does not merely ask for an additional 60 days. It asks for an additional 60 days *after* the U.S. Department of Justice notifies them whether it will provide representation, or until November 7, 2016, **"*whichever is later.*"** If the U.S. Department of Justice does not notify Defendants Cordero and Benn of its decision until August 2017, Plaintiff's lawsuit will be on hold until that date. In effect, Defendants Cordero and Benn seek an indefinite extension of time, which obviously would be very prejudicial to Plaintiff.

6. Defendants Cordero and Benn also have given shifting and incomplete reasons for their purported need for an indefinite extension of time. In their initial email to Plaintiff's counsel – through counsel in the U.S. Attorney's Office – Defendants Cordero and Benn represented that they "have requested representation in this matter and have yet to get obtain (sic) that representation." In a subsequent email – again through counsel in the U.S. Attorney's Office – Defendants Cordero and Benn represented that they "have contacted DOJ for

representation and they have been allowed to hire private counsel." In their motion – yet again through counsel in the U.S. Attorney's Office – Defendants Cordero and Benn represent that they "have a right to representation for which they have requested assistance from the Department of Justice." To the extent Defendants Cordero and Benn have been "allowed to hire private counsel," they have not identified when this permission was granted, what efforts they have made to obtain private counsel, why they were not successful in obtaining private counsel, or why private counsel is not sufficient or appropriate. With respect to their request for representation by the U.S. Department of Justice, Defendants Cordero and Benn have not identified when they purportedly requested representation or when they expect to receive a response. Given these shifting explanations and the failure to provide any meaningful details about their efforts to obtain private counsel or request representation from the U.S. Department of Justice, no extension should be granted.

7. Finally, when Defendants Cordero and Benn contacted Plaintiff about their request for an extension of time, they represented that they were requesting an additional sixty days from the date Defendant Cordero's response is due, or until November 7, 2016.[2] They made no mention of asking the Court to allow them an indefinite extension – until the later of November 7, 2016 or whenever the U.S. Department of Justice decided whether to provide representation. What Defendant Cordero and Benn are asking the Court to do is different from what they asked Plaintiff to agree to. The motion should be summarily denied because Defendants Cordero and Benn failed to comply with Local Rule 7.1(a).

8. To the extent any extension is granted, it should be conditioned on Defendants Cordero and Benn identifying Defendant Jane Doe No. 1 by name, title, and office address so

---

[2] Since Defendant Benn was served on June 22, 2016, he would be granted an even larger extension.

that Plaintiff can amend his complaint and serve Defendant Jane Doe No. 1 as soon as practicable. Once that occurs, all parties will be properly before the Court and an appropriate schedule can be set that is convenient for everyone and prejudices no one.

Dated: August 19, 2016

Respectfully submitted,

*/s/ Ramona R. Cotca*
Paul J. Orfanedes
D.C. Bar No. 429716
Robert D. Popper
D.C. Bar No. 1023592
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC  20024
Tel:    (202) 646-5172
Fax:    (202) 646-5199
Email: porfanedes@judicialwatch.org
          rpopper@judicialwatch.org
          rcotca@judicialwatch.org

And

Angelo J. Artuso
LAW OFFICE OF ANGELO J. ARTUSO
P.O. Box 51763
Albuquerque, NM 87181-1763
Tel:    (505) 306-5063
Email: angelo.artuso@brytewerks.com

*Attorneys for Plaintiff*

    I HEREBY CERTIFY that on August 19, 2016, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties and counsel entitled to receive service and/or notice to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

*/s/ Ramona R. Cotca*
Ramona R. Cotca