IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM WESLEY DUTTON

    Plaintiff,

vs.                                                                      CIV 16-517 CG/GJF

MICHAEL CORDERO, ERIC BENN,
and ARMIDA M. MACMANUS, a/k/a
ARMIDA M. DELPINO

    Defendants.

**DEFENDANT BENN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

    Defendant, Eric Benn (*hereinafter* referred to as "SA Benn"), through his attorneys Robles, Rael & Anaya, P.C. (Luis Robles and Taylor S. Rahn), state the following as his Answer to Plaintiff's First Amended Complaint:

**JURISDICTION AND VENUE**

    1.    SA Benn admits the allegations made in paragraph 1 of Plaintiff William Wesley Dutton's Complaint (*hereinafter* "Dutton's Complaint").

    2.    SA Benn admits the allegations made in paragraph 2 of Dutton's Complaint.

**PARTIES**

    3.    With regard to the factual allegations made in paragraph 3 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of Dutton's Complaint and, therefore, denies these allegations.

    4.    With regard to the factual allegations made in paragraph 4 of Dutton's Complaint,

SA Benn has neither knowledge nor information sufficient to form a belief as to the truth allegation that Defendant Cordero is being sued in his individual capacity, albeit for action under the color of federal law and therefore, denies these allegations. SA Benn admits the remaining allegations made in paragraph 4 of Dutton's Complaint.

5. With regard to the factual allegations made in paragraph 5 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth allegation that SA Benn is being sued in his individual capacity, albeit for action under the color of federal law and therefore, denies these allegations. SA Benn admits the remaining allegations made in paragraph 5 of Dutton's Complaint.

6. With regard to the factual allegations made in paragraph 6 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 6 of Dutton's Complaint and, therefore, denies these allegations.

## STATEMENT OF FACTS

7. SA Benn admits the allegations made in paragraph 7 of Dutton's Complaint.

8. With regard to the factual allegations made in paragraph 8 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 8 of Dutton's Complaint and, therefore, denies these allegations.

9. SA Benn admits the allegations made in paragraph 9 of Dutton's Complaint.

10. With regard to the allegations made in paragraph 10 of Dutton's Complaint, SA Benn denies that the interaction took place between 2:00 and 3:00 p.m. SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegation made in paragraph 10 that

Dutton was alone in the home at the time and that neither of his parents were home and therefore, denies this allegation.  SA Benn admits the remaining allegations made in paragraph 10 of Dutton's Complaint.

11. With regard to the factual allegations made in paragraph 11 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in  paragraph 11 of Dutton's Complaint regarding Dutton's perception and, therefore, denies these allegations.  SA Benn denies that Dutton had not previously met Defendant MacManus.

12. With regard to the factual allegations made in paragraph 12 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in  paragraph 12 of Dutton's Complaint regarding Dutton's perception and, therefore, denies these allegations.  Further, SA Benn admits that there were two four-door sedans.  SA Benn denies the remaining allegations made in paragraph 12 of Dutton's Complaint.

13. With regard to the factual allegations made in paragraph 13 of Dutton's Complaint, SA Benn admits that he and Defendant Cordero had previously visited Dutton at home and had spoken to him inside the home.  Further, SA Benn admits that SA Benn had previously parked on a driveway approximately 30 yards west of Dutton's home instead of directly in front of the home.  SA Benn denies the remaining allegations made in paragraph 13 of Dutton's Complaint.

14. With regard to the factual allegations made in paragraph 14 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in  paragraph 14 of Dutton's Complaint and, therefore, denies these allegations.

15. With regard to the factual allegations made in paragraph 15 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of Dutton's Complaint and, therefore, denies these allegations.

16. With regard to the factual allegations made in paragraph 16 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of Dutton's Complaint regarding Dutton's knowledge and perception and, therefore, denies these allegations. SA Benn denies there were two agents in addition to SA Benn, Defendant Cordero, and Defendant MacManus.

17. With regard to the factual allegations made in paragraph 17 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 17 of Dutton's Complaint and, therefore, denies these allegations.

18. With regard to the factual allegations made in paragraph 18 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of Dutton's Complaint and, therefore, denies these allegations.

19. SA Benn denies the allegations made in paragraph 19 of Dutton's Complaint.

20. With regard to the factual allegations made in paragraph 20 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 20 of Dutton's Complaint and, therefore, denies these allegations.

21. With regard to the factual allegations made in paragraph 21 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 21 of Dutton's Complaint and, therefore, denies these allegations.

22.	With regard to the factual allegations made in paragraph 22 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 21 of Dutton's Complaint regarding the interaction between Dutton and Defendant Cordero prior to their entry into the vehicle and, therefore, denies these allegations. Further, SA Benn admits that he sat in the rear passenger seat, Dutton sat in the rear driver's side seat, Defendant MacManus. sat in the front passenger seat, and Defendant Cordero sat in the driver's seat.  SA Benn denies the remaining allegations made in paragraph 22 of Dutton's Complaint.

23.	SA Benn denies the allegations made in paragraph 23 of Dutton's Complaint.

24.	With regard to the factual allegations made in paragraph 24 of Dutton's Complaint, SA Benn denies that the doors were locked during the conversation.  Further, to the extent that Dutton intends to term "interrogation" to signify a specific, legal meaning, SA Benn affirmatively states that Federal Rule of Civil Procedure 8(b) does not require him to answer or otherwise respond to this legal conclusions alleged in paragraph 24 of Dutton's Complaint; to the extent that an answer is required, SA Benn denies this allegation.  SA Benn admits the remaining allegations made in paragraph 24 of Dutton's Complaint.

25.	SA Benn denies the allegations made in paragraph 25 of Dutton's Complaint.

26.	With regard to the factual allegations made in paragraph 26 of Dutton's Complaint, SA Benn admits that Defendant MacManus is not an attorney with the U.S. Department of Justice or the U.S. Attorney's Office, and had no authority to offer or grant immunity.  Further, SA Benn admits Defendant MacManus is a Special Agent of the FBI.  SA Benn denies the remaining allegations made in paragraph 26 of Dutton's Complaint.

27. With regard the factual allegations made in paragraph 27 of Dutton's Complaint, SA Benn admits that Dutton asked once whether he was under arrest. SA Benn denies the remaining allegations made in paragraph 27 of Dutton's Complaint.

28. With regard to the factual allegations made in paragraph 28 of Dutton's Complaint, SA Benn denies that the doors were unlocked for Defendant MacManus to exit and then relocked upon her exit and that Dutton offered to call his sources. Further, to the extent that Dutton intends to term "interrogated" to signify a specific, legal meaning, SA Benn affirmatively states that Federal Rule of Civil Procedure 8(b) does not require him to answer or otherwise respond to this legal conclusions alleged in paragraph 28 of Dutton's Complaint; to the extent that an answer is required, SA Benn denies this allegation. SA Benn admits the remaining allegations made in paragraph 28 of Dutton's Complaint.

29. With regard to the factual allegations made in paragraph 29 of Dutton's Complaint, SA Benn admits that after Defendant MacManus left, Defendant Cordero and SA Benn continued speaking with Dutton. Further, to the extent that Dutton intends to term "interrogate" to signify a specific, legal meaning, SA Benn affirmatively states that Federal Rule of Civil Procedure 8(b) does not require him to answer or otherwise respond to this legal conclusions alleged in paragraph 29 of Dutton's Complaint; to the extent that an answer is required, SA Benn denies this allegation. SA Benn denies the remaining allegations made in paragraph 29 of Dutton's Complaint.

30. With regard to the factual allegations made in paragraph 30 of Dutton's Complaint, SA Benn admits that at some point, Dutton's mother returned home. SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in

paragraph 30 of Dutton's Complaint regarding Dutton's mother's usual parking space and, therefore, denies these allegations. SA Benn denies the remaining allegations made in paragraph 30 of Dutton's Complaint.

31. With regard to the factual allegations made in paragraph 31 of Dutton's Complaint, SA Benn admits that Defendant MacManus returned and re-entered the vehicle. SA Benn denies the remaining allegations made in paragraph 31 of Dutton's Complaint.

32. With regard to the factual allegations made in paragraph 32 of Dutton's Complaint, SA Benn admits that Dutton gave written consent for the telephone calls to be recorded, that Defendant Cordero, SA Benn, and Jane Doe directed Dutton to call two sources, and that Defendant Cordero, SA Benn, and Defendant MacManus directed Dutton to raise certain topics during the conversations. SA Benn denies the remaining allegations made in paragraph 32 of Dutton's Complaint.

33. SA Benn denies the allegations made in paragraph 33 of Dutton's Complaint.

34. With regard to the factual allegations made in paragraph 34 of Dutton's Complaint, SA Benn admits that after the conversation ended, SA Benn, Defendant Cordero, and Defendant MacManus left. SA Benn denies the remaining allegations made in paragraph 34 of Dutton's Complaint.

35. With regard to the factual allegations made in paragraph 35 of Dutton's Complaint, SA Benn has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of Dutton's Complaint and, therefore, denies these allegations.

**Count I**

**(Violation of the Fourth Amendment- *Bivens* Action)**

36.     SA Benn realleges all of his previous and subsequent answers to Dutton's Complaint as his answer to paragraph 36 of Dutton's Complaint.  Additionally, with regard to paragraph 36 of Dutton's Complaint, SA Benn affirmatively states that Federal Rule of Civil Procedure 8(b) does not require him to answer or otherwise respond to this legal conclusions alleged in paragraph 36 of Dutton's Complaint.  To the extent that an answer is required, SA Benn denies these allegations.

37.     With regard to paragraph 37 of Dutton's Complaint, SA Benn affirmatively states that Federal Rule of Civil Procedure 8(b) does not require him to answer or otherwise respond to this legal conclusions alleged in paragraph 37 of Dutton's Complaint.  To the extent that an answer is required, SA Benn denies these allegations.

38.     With regard to paragraph 38 of Dutton's Complaint, SA Benn affirmatively states that Federal Rule of Civil Procedure 8(b) does not require him to answer or otherwise respond to this legal conclusions alleged in paragraph 38 of Dutton's Complaint.  To the extent that an answer is required, SA Benn denies these allegations.

39.     SA Benn hereby denies each and every allegation not specifically admitted in his Answer, including any allegations made in Dutton's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

None of the actions described in Dutton's Complaint constitute a violation of Plaintiff's constitutional or statutory rights by any Defendant.

**Second Affirmative Defense**

SA Benn's actions in this case were objectively reasonable under the circumstances and did not violate any of Dutton's clearly established constitutional rights, thereby entitling SA Benn to qualified immunity.

### Third Affirmative Defense

Dutton has alleged a number of causes of action which fail to state a claim for which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

### Fourth Affirmative Defense

SA Benn is not liable to Dutton on certain claims because he had insufficient personal participation in the alleged matters.

### Fifth Affirmative Defense

Dutton's injuries, if any, were proximately caused by an independent intervening cause for which SA Benn is not liable.

### Seventh Affirmative Defense

The sole and proximate cause of any damages to Dutton, if any exist, were his own intentional and/or negligent acts, and his damages, if any, must be reduced proportionately.

### Eighth Affirmative Defense

Equitable relief is not available against SA Benn.

### Ninth Affirmative Defense

If Dutton incurred any damages, which is expressly denied, Dutton failed to mitigate his damages.

**Ninth Affirmative Defense**

SA Benn reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

**JURY DEMAND**

SA Benn demands a trial by jury for all claims which may be tried by a jury.

**WHEREFORE**, SA Benn respectfully request that this Court dismiss Plaintiff's First Amended Complaint with prejudice, award SA Benn his attorneys' fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.

By:   /s/ Luis Robles
      Luis Robles
      Taylor S. Rahn
      Attorneys for Special Agent Benn
      500 Marquette Ave., NW, Suite 700
      Albuquerque, New Mexico  87102
      (505) 242-2228
      (505) 242-1106 (facsimile)

I hereby certify that on this 16th day of August 2016, the foregoing was served via the CM/ECF system to the following:

Angelo J. Artuso
Attorney for Plaintiff
P.O. Box 51763
Albuquerque, NM 87181-1763
(505) 306-5063

Paul J. Orfanedes
D.C. Bar No. 429716
Robert D. Popper
D.C. Bar No. 1023592
Ramona R. Cocta
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
Attorney for Plaintiff
425 Third Street SW, Suite 800
Washington, DC 20024
Tel: (202) 646-5172
Fax: (202) 646-5199

Lawrence R. White
Cody R. Rogers
Miller, Stratvert, P.A.
Attorneys for Michael Cordero
3800 Lohman Ave., Suite H
Las Cruces, New Mexico 88011
Telephone: (575) 523-2481
Facsimile: (575) 526-2215
Email: lrwhite@mstlaw.com

 /s/ Luis Robles
Luis Robles