IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM WESLEY DUTTON,

    Plaintiff,

v.                                                                  No. 16-CV-00517-CG-GJF

MICHAEL CORDERO, ERIC BENN and
ARMIDA M. MACMANUS, a/k/a ARMIDA M.
DELPINO,

    Defendants.

**DEFENDANT MICHAEL CORDERO'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Michael Cordero ("Cordero"), by and through undersigned counsel, MILLER STRATVERT P.A. (Lawrence R. White and Cody R. Rogers), hereby submits his Answer to Plaintiff's First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. In response to Paragraph 1, Cordero admits the allegations as stated regarding jurisdiction.

2. In response to Paragraph 2, Cordero admits the allegations as stated regarding venue.

**PARTIES**

3. In response to Paragraph 3, Cordero lacks information sufficient to form a belief as to the truth of the allegations as stated, and therefore denies the allegations as stated.

4. In response to Paragraph 4, Cordero admits that he is employed as a Special Agent by the Federal Bureau of Investigation ("FBI") and assigned to the El Paso Field Office. Cordero lacks information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 4, and therefore denies the remaining allegations as stated.

5. In response to Paragraph 5, Cordero admits that Defendant Eric Benn is employed as a Special Agent for the United States Department of Justice, Office of Inspector General, in El Paso, Texas. Cordero lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and therefore denies the remaining allegations as stated.

6. In response to Paragraph 6, Cordero admits that Defendant Armida MacManus is employed as a Special Agent by the FBI and assigned to the Las Cruces Field Office. Cordero lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and therefore denies the remaining allegations as stated.

## STATEMENT OF FACTS

7. In response to Paragraph 7, Cordero admits that Plaintiff was a source for the FBI and that he had contact with Cordero, but denies that Plaintiff was a source continuously from March 2009 onward. Cordero admits that Plaintiff told him the biographical information contained in Paragraph 7, but lacks information as to the truth of that information.

8. In response to Paragraph 8, Cordero lacks information sufficient to form a belief as to the truth of the allegations as stated, and therefore denies the allegations as stated.

9. In response to Paragraph 9, Cordero admits the allegations as stated.

10. In response to Paragraph 10, Cordero admits that he knocked on Plaintiff's door and was greeted by Plaintiff, but denies that he knocked on Plaintiff's door between 2-3

PM. Cordero admits that Plaintiff's mother arrived at the residence at a later time. Cordero lacks information sufficient to form a belief as to the truth of the remaining allegations as stated, and therefore denies the remaining allegations as stated.

11. In response to Paragraph 11, Cordero lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his perceptions as alleged, and therefore denies those allegations as stated. Cordero specifically denies that Plaintiff did not know Defendant MacManus and/or had never met her before.

12. In response to Paragraph 12, Cordero lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his perceptions as alleged, and therefore denies those allegations as stated. Cordero admits that there were two "government vehicles" present at Plaintiffs' residence. Cordero denies that any individuals other than those identified in Paragraph 11 were present at Plaintiff's residence.

13. In response to Paragraph 13, Cordero admits that he had previously visited Plaintiff at home on several occasions. Cordero denies all remaining allegations contained in Paragraph 13.

14. In response to Paragraph 14, Cordero lacks information sufficient to form a belief as to the truth of Plaintiff's allegations as stated, and therefore denies those allegations as stated.

15. In response to Paragraph 15, Cordero admits that he did not enter Plaintiff's home. Cordero lacks information sufficient to form a belief as to the truth of the remaining allegations as stated, and therefore denies the remaining allegations as stated.

16. In response to Paragraph 16, Cordero lacks information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his perceptions as alleged, and therefore

denies those allegations as stated. Cordero specifically denies that two additional individuals were present at Plaintiff's residence.

17. In response to Paragraph 17, Cordero admits the allegations as stated.

18. In response to Paragraph 18, Cordero lacks information sufficient to form a belief as to the truth of Plaintiff's allegations as stated, and therefore denies those allegations as stated.

19. In response to Paragraph 19, Cordero denies the allegations as stated.

20. In response to Paragraph 20, Cordero denies the allegations as stated.

21. In response to Paragraph 21, Cordero denies the allegations as stated.

22. In response to Paragraph 22, Cordero admits that Plaintiff sat in the rear passenger area of the vehicle, along with Defendant Benn, that Cordero sat in the driver's seat, and that Defendant MacManus sat in the passenger seat. Cordero denies all remaining allegations contained in Paragraph 22.

23. In response to Paragraph 23, Cordero denies the allegations as stated.

24. In response to Paragraph 24, Cordero admits that he informed Plaintiff that information Plaintiff had provided to the FBI could not be verified through Plaintiff's alleged sources. Cordero denies all remaining allegations contained in Paragraph 24.

25. In response to Paragraph 25, Cordero denies the allegations as stated.

26. In response to Paragraph 26, Cordero admits that Defendant MacManus is a Special Agent with the FBI, that she is not an attorney, and that she had no authority to grant immunity. Cordero denies all remaining allegations contained in Paragraph 26.

27. In response to Paragraph 27, Cordero admits that Plaintiff asked once whether he was under arrest, and that he was informed he was not. Cordero denies all remaining allegations contained in Paragraph 27.

28. In response to Paragraph 28, Cordero admits that Plaintiff offered to call his sources in an attempt to prove his veracity, and that Defendant MacManus exited the unlocked vehicle to retrieve recording equipment. Cordero denies all remaining allegations contained in Paragraph 28.

29. In response to Paragraph 29, Cordero admits that he and Defendant Benn continued speaking with Plaintiff, and that Plaintiff left the unlocked vehicle to urinate. Cordero denies all remaining allegations contained in Paragraph 29.

30. In response to Paragraph 30, Cordero admits that at some point, Plaintiff's mother arrived at the residence. Cordero denies all remaining allegations contained in Paragraph 30.

31. In response to Paragraph 31, Cordero admits that at some point, Defendant MacManus returned with recording equipment and re-entered the unlocked vehicle. Cordero denies all remaining allegations contained in Paragraph 31.

32. In response to Paragraph 32, Cordero admits that Plaintiff signed a consent form authorizing agents to record his telephone conversations with his sources, that Plaintiff called his sources, and he and Defendants Benn and MacManus directed him to ask the sources about specific topics. Cordero denies all remaining allegations contained in Paragraph 32.

33. In response to Paragraph 33, Cordero denies the allegations as stated.

34. In response to Paragraph 34, Cordero admits that he and Defendants Benn and MacManus drove away from Plaintiff's residence. Cordero denies all remaining allegations contained in Paragraph 34.

35. In response to Paragraph 35, Cordero lacks information sufficient to form a belief as to the truth of Plaintiff's allegations as stated, and therefore denies those allegations as stated.

## COUNT I

### (Violation of the Fourth Amendment- *Bivens* Action)

36. In response to Paragraph 36, Cordero incorporates his responses to Paragraph 1-35 of Plaintiff's First Amended Complaint as though fully set forth herein. The remaining statements in Paragraph 36 are legal conclusions to which no response is required from Cordero. To the extent a response is required, Cordero denies the allegations as stated.

37. In response to Paragraph 37, Paragraph 37 contains legal conclusions to which no response is required from Cordero. To the extent a response is required, Cordero denies the allegations as stated.

38. In response to Paragraph 38, Paragraph 38 contains legal conclusions to which no response is required from Cordero. To the extent a response is required, Cordero denies the allegations as stated.

## AFFIRMATIVE DEFENSES

1. All allegations contained in Plaintiff's First Amended Complaint not specifically admitted are denied by Cordero.

2. Cordero is entitled to qualified immunity with regard to Plaintiff's claims, in whole or in part.

3. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

4. To the extent that Plaintiff has suffered any harm or damages, which Cordero specifically denies, Plaintiff or a party or individual other than Cordero has caused such harm or damage.

5. To the extent that Plaintiff has suffered any harm or damages, which Cordero specifically denies, Plaintiff has failed to mitigate his damages, in whole or in part, thereby barring or reducing any potential recovery.

6. Plaintiff's claims for injunctive, declaratory or other equitable relief are barred as a matter of law.

Cordero, having fully answered Plaintiff's First Amended Complaint, respectfully requests that the claims against him be dismissed with prejudice, that judgment be entered in his favor, that he be awarded costs incurred in connection with the defense of this suit, and for such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    MILLER STRATVERT P.A.

    By _[signature]_
    Lawrence R. White
    Cody R. Rogers
    *Attorneys for Defendant Michael Cordero*
    3800 Lohman Ave., Suite H
    Las Cruces, New Mexico 88011
    Telephone: (575) 523-2481
    Facsimile: (575) 526-2215
    Email: crogers@mstlaw.com

I HEREBY CERTIFY that the foregoing document was filed through the CM/ECF system which caused all counsel of record to be served by electronic means on this 16th day of September, 2016.

_____
Cody R. Rogers

\\abq-tamarack\prodata\014577-048879\pleadings\3048742.docx