IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM WESLEY DUTTON,**

    Plaintiff,

vs.                                                                 No. CV-16-00517 CG/GJF

**MICHAEL CORDERO, ERIC BENN,
and ARMIDA M. MACMANUS, a/k/a
ARMIDA M. DELPINO,**

    Defendants.

**ARMIDA MACMANUS'S ANSWER TO FIRST AMENDED COMPLAINT**

**COMES NOW** Defendant Armida MacManus, by and through her attorneys of record Jarmie & Associates (Mark D. Standridge), and hereby answers plaintiff's "First Amended Complaint," Doc. No. 18 (filed Sep. 2, 2016) (hereinafter "plaintiff's Complaint") as follows:

**JURISDICTION AND VENUE**

    1.    Paragraph 1 of plaintiff's Complaint states a legal conclusion requiring no further response.

    2.    Paragraph 2 of plaintiff's Complaint states a legal conclusion requiring no further response.

**PARTIES**

    3.    Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 3 of plaintiff's Complaint.

    4.    In response to the allegations made in Paragraph 4 of plaintiff's Complaint, Agent MacManus admits that Michael Cordero is a Special Agent of the Federal Bureau of Investigation ("FBI"). The second sentence of Paragraph 4 of plaintiff's Complaint states a legal conclusion

requiring no further response.

5. In response to the allegations made in Paragraph 5 of plaintiff's Complaint, Agent MacManus admits that Eric Benn is a Special Agent of the Department of Justice Office of Inspector General. The second sentence of Paragraph 5 of plaintiff's Complaint states a legal conclusion requiring no further response.

6. In response to the allegations made in Paragraph 6 of plaintiff's Complaint, Agent MacManus admits that she is a Special Agent of the FBI. The second sentence of Paragraph 6 of plaintiff's Complaint states a legal conclusion requiring no further response; to the extent that any further response is required, Agent MacManus denies the allegations made in the second sentence of Paragraph 6 of plaintiff's Complaint and demands strict proof thereof.

## STATEMENT OF ALLEGED FACTS

7. Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 7 of plaintiff's Complaint, except to admit that, from time to time, plaintiff provided information to the FBI and was in contact with Agent Cordero.

8. Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 8 of plaintiff's Complaint.

9. Agent MacManus admits the allegations made in Paragraph 9 of plaintiff's Complaint.

10. In response to the allegations made in Paragraph 10 of plaintiff's Complaint, Agent MacManus admits that Agent Cordero knocked on plaintiff's door on a day in the first week of February 2014. Agent MacManus does not have sufficient information to form a belief as to the truth of the remainder of the allegations made in Paragraph 10 of plaintiff's Complaint.

11. In response to the allegations made in Paragraph 11 of plaintiff's Complaint, Agent

MacManus admits that she and Agent Benn were in plaintiff's front yard on the day referenced in Paragraph 10 of plaintiff's Complaint. Agent MacManus denies the remainder of the allegations made in Paragraph 11 of plaintiff's Complaint and demands strict proof thereof.

12.     In response to the allegations made in Paragraph 12 of plaintiff's Complaint, Agent MacManus admits that Agent Cordero's vehicle and Agent Benn's vehicle were parked near plaintiff's house. Agent MacManus further admits that she and Agents Cordero and Benn were in the vicinity of plaintiff's house. Agent MacManus denies the remainder of the allegations made in Paragraph 12 of plaintiff's Complaint and demands strict proof thereof.

13.     Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 13 of plaintiff's Complaint.

14.     Agent MacManus denies the allegations made in Paragraph 14 of plaintiff's Complaint and demands strict proof thereof.

15.     In response to the allegations made in Paragraph 15 of plaintiff's Complaint, Agent MacManus admits that, on the day referenced in Paragraph 10 of plaintiff's Complaint, she did not enter plaintiff's house. Agent MacManus denies the remainder of the allegations made in Paragraph 15 of plaintiff's Complaint and demands strict proof thereof.

16.     In response to the allegations made in Paragraph 16 of plaintiff's Complaint, Agent MacManus lacks information sufficient to form a belief as to the truth of plaintiff's allegations regarding his perceptions/beliefs. Agent MacManus denies the remainder of the allegations made in Paragraph 16 of plaintiff's Complaint and demands strict proof thereof.

17.     Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 17 of plaintiff's Complaint.

18.     Agent MacManus does not have sufficient information to form a belief as to the truth

of the allegations made in Paragraph 18 of plaintiff's Complaint.

19. In response to the allegations made in Paragraph 19 of plaintiff's Complaint, Agent MacManus admits that she and Agent Benn were in the maroon sedan. Agent MacManus denies the remainder of the allegations made in Paragraph 18 of plaintiff's Complaint and demands strict proof thereof.

20. Agent MacManus denies the allegations made in Paragraph 20 of plaintiff's Complaint and demands strict proof thereof.

21. Agent MacManus denies the allegations made in Paragraph 21 of plaintiff's Complaint and demands strict proof thereof.

22. In response to the allegations made in Paragraph 22 of plaintiff's Complaint, Agent MacManus admits that she was in the passenger seat of the vehicle, that Agent Cordero was in the driver's seat of the vehicle and that Agent Benn and plaintiff were in the rear seats of the vehicle. Agent MacManus denies the remainder of the allegations made in Paragraph 22 of plaintiff's Complaint and demands strict proof thereof.

23. Agent MacManus denies the allegations made in Paragraph 23 of plaintiff's Complaint and demands strict proof thereof.

24. In response to the allegations made in Paragraph 24 of plaintiff's Complaint, Agent MacManus admits that Agent Cordero informed plaintiff that information plaintiff had provided to the FBI could not be verified through plaintiff's alleged sources. Agent MacManus denies the allegations made in Paragraph 24 of plaintiff's Complaint and demands strict proof thereof.

25. Agent MacManus denies the allegations made in Paragraph 25 of plaintiff's Complaint and demands strict proof thereof.

26. In response to the allegations made in Paragraph 26 of plaintiff's Complaint, Agent

MacManus admits that she is a Special Agent with the FBI, that she is not an attorney with either the U.S. Department of Justice or the U.S. Attorney's Office, and that she had no authority to grant immunity. Agent MacManus denies the remainder of the allegations made in Paragraph 26 of plaintiff's Complaint and demands strict proof thereof.

27. In response to the allegations made in Paragraph 27 of plaintiff's Complaint, Agent MacManus admits that plaintiff asked once whether he was under arrest, and was informed he was not. Agent MacManus denies the remainder of the allegations made in Paragraph 27 of plaintiff's Complaint and demands strict proof thereof.

28. In response to the allegations made in Paragraph 28 of plaintiff's Complaint, Agent MacManus admits that plaintiff offered to call his sources in an attempt to prove his veracity, and that Agent MacManus exited the unlocked maroon vehicle to retrieve recording equipment. Agent MacManus denies the remainder of the allegations made in Paragraph 28 of plaintiff's Complaint and demands strict proof thereof.

29. Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 29 of plaintiff's Complaint.

30. Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 30 of plaintiff's Complaint.

31. In response to the allegations made in Paragraph 31 of plaintiff's Complaint, Agent MacManus admits that, at some point, she returned to plaintiff's house with recording equipment and re-entered the unlocked maroon vehicle. Agent MacManus denies the remainder of the allegations made in Paragraph 31 of plaintiff's Complaint and demands strict proof thereof.

32. In response to the allegations made in Paragraph 32 of plaintiff's Complaint, Agent MacManus admits that plaintiff signed a consent form authorizing agents to record his telephone

conversations with his sources, and that plaintiff called his sources while being recorded. Agent MacManus denies the remainder of the allegations made in Paragraph 32 of plaintiff's Complaint and demands strict proof thereof.

33.     Agent MacManus denies the allegations made in Paragraph 33 of plaintiff's Complaint and demands strict proof thereof.

34.     In response to the allegations made in Paragraph 34 of plaintiff's Complaint, Agent MacManus admits that plaintiff was allowed to leave the vehicle, and that she, Agent Cordero and Agent Benn drove away from plaintiff's residence. Agent MacManus denies the remainder of the allegations made in Paragraph 34 of plaintiff's Complaint and demands strict proof thereof.

35.     Agent MacManus does not have sufficient information to form a belief as to the truth of the allegations made in Paragraph 35 of plaintiff's Complaint.

## COUNT I

**(Alleged Violation of the Fourth Amendment- *Bivens* Action)**

36. In response to plaintiff's incorporation by reference of all prior paragraphs, Agent MacManus hereby incorporates all responses, denials, admissions and objections provided to those referenced paragraphs. The remainder of the allegations made in Paragraph 36 of plaintiff's Complaint states a legal conclusion requiring no further response

37.     Agent MacManus denies the allegations made in Paragraph 37 of plaintiff's Complaint and demands strict proof thereof.

38.     Agent MacManus denies the allegations made in Paragraph 38 of plaintiff's Complaint and demands strict proof thereof, and further denies that plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause immediately following Paragraph 38 of plaintiff's Complaint.

**ALL ALLEGATIONS AND IMPLICATIONS OF LIABILITY MADE IN PLAINTIFF'S COMPLAINT NOT SPECIFICALLY ADMITTED IN THIS ANSWER ARE DENIED.**

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. The actions of Agent MacManus were objectively reasonable under the circumstances.

3. The actions of Agent MacManus were lawful and done in good faith.

4. To the extent that plaintiff has suffered any harm or damages, which Agent MacManus specifically denies, plaintiff or a party or individual other than Agent MacManus has caused such harm or damage.

5. To the extent that plaintiff has suffered any harm or damages, which Agent MacManus specifically denies, plaintiff has failed to mitigate his damages, in whole or in part, thereby barring or reducing any potential recovery.

6. Plaintiff's claims for injunctive, declaratory or other equitable relief are barred as a Matter of law.

7. Agent MacManus is entitled to qualified immunity.

Agent MacManus reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer in accordance with FED. R. CIV. P. 15.

**JURY DEMAND**

Agent MacManus demands a trial by jury for all claims which may be tried by a jury.

**WHEREFORE**, having thus answered the plaintiff's Complaint, Special Agent Armida MacManus requests that the Complaint be dismissed with prejudice, for her costs and attorneys' fees incurred herein, and for such other relief as appears just and appropriate.

                              Respectfully submitted,

                              /s/ Mark D. Standridge
                              Mark D. Standridge
                              Jarmie & Associates
                              P.O. Box 344
                              Las Cruces, N.M. 88004
                              (575) 526-3338
                              Fax: (575) 526-6791
                              mstandridge@jarmielaw.com
                              Attorneys for Armida MacManus

I hereby certify that on November 3, 2016, I filed the foregoing through this Court's CM/ECF filing system, and caused an electronic copy of the foregoing to be served upon all counsel of record as more fully noted in the Notice of Electronic Filing.

 /s/ Mark D. Standridge
Mark D. Standridge
Jarmie & Associates